UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TINA SCHINGECK,

          Plaintiff,

          v.                    Case No. 22-CV-37

DENNIS R. DONOUGH,
SECRETARY OF VETERANS AFFAIRS,

          Defendant.

## REPORT AND RECOMMENDATION

On June 16, 2022, the court granted Tina Schingeck's Request to Proceed in District Court without Prepaying the Filing Fee and ordered her to file an amended complaint. (ECF No. 8.) Schingeck filed an amended complaint on July 5, 2022. Because Schingeck is proceeding without prepaying the costs of this action, the court must review the amended complaint in accordance with 28 U.S.C. § 1915.

The court must ensure that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards

than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court will permit a plaintiff leave to proceed in forma pauperis.

Schingeck alleges that she worked as a registered nurse at the VA Medical Center in Milwaukee from August 26, 2012, to March 28, 2018 (ECF No. 9, ¶ 4), and her supervisor, Donna James, harassed her because of her race and national origin. (ECF No. 9, ¶¶ 5, 12.) She provides numerous examples of the harassment she allegedly suffered. And she alleges that "the reason for this excessive punishing treatment is due to her race, age and national origin of an American Indian …." (ECF No. 9, ¶ 14.)

Schingeck's bald allegation that she suffered discrimination due to her age is insufficient to sustain a claim under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. She has failed to identify her age and thus has failed to allege she is protected by the Act. *See* 29 U.S.C. § 631(b). Therefore, the court will recommend that any such claim be dismissed.

However, Schingeck has stated plausible claims of discrimination due to her race, skin color, and national origin in violation of Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000e-2. Although Schingeck refers only to hostile work environment discrimination in a heading, the allegations in her complaint, read as a whole, plausibly support a claim of discrimination in terms of both adverse-action

discrimination, *see, e.g., Coleman v. Donahoe*, 667 F.3d 835, 845 (7th Cir. 2012), and hostile work environment discrimination, *see, e.g., Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 833–34 (7th Cir. 2015).

Schingeck's amended complaints also includes headings identifying additional claims for "theft of medical records" and "false AWOL charges." (ECF No. 9, ¶¶ 20-28.) However, she has failed to establish a basis for these allegations as independent causes of action. Therefore, insofar as Schingeck intended to present those allegations as independent causes of action, the court will recommend that those claims be dismissed.

Schingeck also filed a "Petition for Court Appointed Attorney and Affidavit of Indigence." (ECF No. 2.) The court lacks the authority to appoint counsel to represent a plaintiff in a civil action. At best, the court can ask an attorney whether he or she will agree to represent a litigant. But the court lacks the funds to compensate an attorney for his or her time. Thus, an attorney who accepts a court's request agrees to represent the litigant for free. And there are far more litigants who seek volunteer attorneys than attorneys willing to work for fee.

Regarding her efforts to find counsel, Schingeck states only, "I have attempted to find an attorney to represent me and have not been successful in my search." This statement does not reflect that she has made sufficient efforts to locate counsel on her own. *See Pickett v. Chi. Transit Auth.*, 930 F.3d 869, 871 (7th Cir. 2019). Before the court can consider further her request that an attorney be recruited to represent her,

3

Schingeck must provide details as to the nature and extent of her efforts to find an attorney and what the attorneys she contacted said to her when they declined to represent her. *See id*.

More materially, thus far Schingeck appears competent to represent herself. In fact, she has been able to present her claims far more ably than the average pro se litigant.

**IT IS THEREFORE RECOMMENDED** that the plaintiff be permitted to proceed with her claim that the defendant violated Title VII of the Civil Rights Act of 1964 by discriminating against her because of her race, color, or national origin and that any other claim alleged in the complaint be dismissed.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), any written objections to any recommendation herein or part thereof shall be filed within fourteen days of service of this recommendation. Failure to timely object waives a party's right to review.

**IT IS FURTHER ORDERED** that the plaintiff's motion for the appointment of counsel (ECF No. 2) is denied.

Dated at Milwaukee, Wisconsin this 19th day of August, 2022.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge