UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**TINA SCHINGECK,**
                     **Plaintiff,**

          v.                                              **Case No. 22-CV-373**

**DENNIS R. DONOUGH,**
**Secretary of Veterans Affairs,**
                      **Defendant.**

## ORDER

On October 11, 2022, the defendant, Secretary of Veteran Affairs, Denis R. McDonough[1] filed a motion to dismiss pro se plaintiff Tina Schingeck's amended complaint pursuant to Federal Rules of Civil Procedure 4(m) and 12(b)(5). (ECF No. 15.) The defendant asks the court to dismiss Schingeck's complaint because, although more than 190 days have passed since Schingeck filed her initial complaint, Schingeck has not yet properly served the defendant as required by Federal Rule of Civil Procedure 4(i). (ECF No. 16 at 1.)

Because Schingeck named as defendant the United States Secretary of Veterans Affairs, Federal Rule of Civil Procedure 4(i) governs service in this case. The rule requires

---

[1] Although the caption has the defendant's name styled as "Dennis R. Donough," the court presumes that plaintiff meant to name as the defendant in this action the Secretary of Veterans Affairs, "Denis R. McDonough."

that Schingeck deliver the summons and complaint to: (1) the United States Attorney's Office for the Eastern District of Wisconsin, in person or by registered or certified mail; (2) the Attorney General of the United States in Washington, D.C. by registered or certified mail; and (3) the United States Department of Veterans Affairs by registered or certified mail. Fed. R. Civ. P. 4(i)(1), (2). Rule 4(m) gives plaintiffs ninety days from the filing of the complaint to complete the Rule 4(i) service requirements, and explains that,

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Thus, this court has the discretion to either dismiss Schingeck's complaint for failure to comply with the Rule 4(i) service requirements or, alternatively, to provide her with an extension of time to complete service. *See Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011).

Schingeck states in her response that she "did send the Summons and Complaint via certified mail to the Defendant and that [she] was not aware that the Defendant had not been served" until she read the defendant's motion to dismiss. (ECF No. 17 at ¶ 2.) She also explains that she "was under the impression that the Summons and Complaint had previously been served" and indirectly requests an extension of time to serve the defendant. (ECF No. 17 at ¶ 5.)

Schingeck's confusion is possibly attributable, at least in part, to certain errors made by the Clerk's office and this court in handling her case. On March 25, 2022, Schingeck filed her complaint against the Secretary of Veterans Affairs, Denis R. McDonough, and paid the related filing fee. (ECF Nos. 1, 1-1, 1-2.) Schingeck submitted with her complaint a petition for court-appointed counsel and an affidavit of indigence. (ECF No. 2.) However, the Clerk's office erroneously labeled in the electronic records her petition for court-appointed counsel as including a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) This court then erroneously construed Schingeck's petition for court-appointed counsel as including a request for waiver of the filing fee, and toward that end issued an order on June 16, 2022, waiving the filing fee even though Schingeck had already paid it. (ECF No. 6 at 1.)

In that same order, the court screened Schingeck's complaint pursuant to 28 U.S.C. § 1915 and, finding certain defects, ordered that she submit an amended complaint no later than July 22, 2022. (ECF No. 8 at 10.) The court also indicated that it would withhold ruling on Schingeck's petition for court-appointed counsel until it received her amended complaint. (ECF No. 8 at 11.) On July 5, 2022, Schingeck timely filed her first amended complaint (ECF No. 9), and, on August 19, 2022, this court screened it (ECF No. 10).

But because Schingeck had not yet formally served the defendant, the defendant had not yet submitted its magistrate judge jurisdiction form. Consequently, this court could only issue a recommendation on Schingeck's amended claims—which it did,

recommending that Schingeck be permitted to proceed with her Title VII discrimination claim and that her other claims be dismissed. (ECF No. 10 at 4.) A month later, on September 19, 2022, District Judge Adelman, having received no objections from Schingeck, issued an order adopting the recommendation. (ECF No. 12 at 1.) Then on October 11, 2022, the U.S. Attorney's Office filed a notice of appearance on behalf of the defendant (ECF No. 13), a completed magistrate judge jurisdiction form consenting to this court's jurisdiction (ECF No. 14), and the motion to dismiss (ECF No. 15).

At the time this court mistakenly issued the June 16, 2022, screening order, Schingeck still had one week left to serve the defendant. When directed in that screening order to amend her complaint, Schingeck timely filed an amended complaint. (ECF No. 9.) But by the time she filed her amended complaint, her service deadline had passed. And when, on September 19, 2022, Judge Adelman adopted this court's recommendation that Schingeck be permitted to proceed with her Title VII discrimination claim, she did not receive notice that the service deadline had passed.

Prior to this court's screening of Schingeck's complaint, the Clerk's office mailed Schingeck two letters—dated March 28, 2022, and April 26, 2022, respectively—with instructions on how to properly execute service on the United States. (ECF Nos. 4 at 3; 5 at 3.) The second letter explained that the failure to comply with the service requirements could result in the dismissal of her case. (ECF No. 5 at 1.) In July 2022 Schingeck sent by

4

Case 2:22-cv-00373-WED    Filed 12/14/22    Page 4 of 5    Document 23

first class mail the amended complaint (but no summons) to Veterans Affairs. (ECF No. 16 at 2-3.) But, as explained above, this was not proper service under Rule 4(i).

While pro se plaintiffs are not excused from the Rule 4 service requirements, *McMasters v. United States*, 260 F.3d 814, 818 (7th Cir. 2001), Schingeck's failure to properly execute service in this matter perhaps can be explained, at least in part, by errors not of her own making. Therefore, this court will exercise its discretion and grant Schingeck an extension of time to execute service on the defendant.

**IT IS THEREFORE ORDERED** that the defendant's motion to dismiss (ECF No. 15) is **DENIED**.

**IT IS FURTHER ORDERED** that, within 30 days of this order, Schingeck shall execute service of her amended complaint in accordance with the requirements provided in Fed. R. Civ. P. 4(i)(1), (2). Failure to do so may result in her case being dismissed.

Once the court receives notice of proper service made on the defendant, the Clerk's office will contact the parties to schedule a pretrial conference, during which conference the court will discuss Schingeck's motion to file a second amended complaint (ECF No. 18).

Dated at Milwaukee, Wisconsin this 14th day of December, 2022.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge