# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

TINA SCHINGECK,

          **Plaintiff,**

    **v.**                        **Case No. 22-CV-373**

DENNIS R. DONOUGH,

          **Defendant.**

---

# ORDER

---

On October 11, 2022, the defendant, Secretary of Veteran Affairs Denis R. McDonough,[1] filed a motion to dismiss pro se plaintiff Tina Schingeck's amended complaint pursuant to Federal Rules of Civil Procedure 4(m) and 12(b)(5). (ECF No. 15.) The defendant asked the court to dismiss Schingeck's complaint because, as of October 11, 2022, more than 190 days had passed since Schingeck filed her initial complaint and she had not yet properly served the defendant as required by Federal Rule of Civil Procedure 4(i). (ECF No. 16 at 1.)

Because Schingeck named as defendant the United States Secretary of Veterans Affairs, Federal Rule of Civil Procedure 4(i) governs service in this case. Rule 4(i)

---

[1] Although the caption has the defendant's name styled as "Dennis R. Donough," the court presumes that the plaintiff meant to name as the defendant in this action the Secretary of Veterans Affairs, "Denis R. McDonough."

requires that Schingeck deliver the summons and complaint to: (1) the United States Attorney's Officer for the Eastern District of Wisconsin, in person or by registered or certified mail; (2) the Attorney General of the United States in Washington, D.C. by registered or certified mail; *and* (3) the United States Department of Veterans Affairs by registered or certified mail. Fed. R. Civ. P. 4(i)(1), (2). Rule 4(m) gives plaintiffs ninety days from the filing of the complaint to complete the Rule 4(i) service requirements and explains that,

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

On December 14, 2022, the court denied the defendant's motion to dismiss and, exercising its discretion under Rule 4(m), extended by 30 days Schingeck's time to serve her amended complaint on the defendant in accordance with Rule 4(i). (ECF No. 23 at 5.) The court also spelled out for Schingeck how to serve the defendant in accordance with Rule 4(i) (ECF No. 23 at 1-2) and warned her that her failure to do so within 30 days of the order could result in her case being dismissed (ECF No. 23 at 5).

On January 25, 2023, the defendant for a second time moved to dismiss Schingeck's amended complaint, explaining that Schingeck's 30-day extension to execute service expired on January 13, 2023, but that as of January 25, 2023, Schingeck

2

Case 2:22-cv-00373-WED   Filed 02/08/23   Page 2 of 4   Document 27

had not served the United States Attorney for the Eastern District of Wisconsin, the United States Attorney General, or the United States Department of Veterans Affairs in accordance with Rule 4(i). (ECF No. 24 at 2.) On January 31, 2023, the defendant supplemented its second motion to dismiss, explaining that after it had filed the motion it "was informed that the VA did in fact receive copies by certified mail prior to the expiration of the deadline imposed by the Court." (ECF No. 25 at 1.) However, the defendant verified that, as of January 31, 2023, "neither the U.S. Attorney nor the Attorney General were served as per Fed. R. Civ. P. 4(i) and this Court's order." (ECF No. 25 at 1.)

Schingeck responded to the defendant's second motion to dismiss on February 6, 2023. (ECF No. 26.) In her response Schingeck claims that "the Defendant *was* served via United States Certified Mail … on January 10, 2023," and she directs the court's attention to "the … copy of the signed delivery notice[, attached] as Exhibit 'A.'" (ECF No. 26 at 1 (emphasis added).) Exhibit A is a copy of a signed delivery notice, dated January 10, 2023, and addressed to the Department of Veterans Affairs in Washington, D.C. (ECF No. 26-1.) However, Schingeck does not provide similar proof of service on the United States Attorney for the Eastern District of Wisconsin or on the United States Attorney General.

From her response to the defendant's second motion to dismiss it appears that Schingeck continues to misunderstand Rule 4(i)'s service requirements. But she has

been given clear instructions on how to properly serve the defendant in accordance

with Rule 4(i) (ECF No. 23 at 1-2), a 30-day extension to do so, and a warning that her

failure to meet the new deadline could result in the court dismissing her complaint

(ECF No. 23 at 5). It is also worth noting that this court provided Schingeck with her 30-

day service extension nearly six months after her service deadline had expired, and that

the Clerk's office on two occasions provided Schingeck with detailed instructions on

how to effect service on the United States in accordance with Rule 4(i). (ECF Nos. 4 at 3;

5 at 3.) Still, Schingeck has not properly served the defendant. As such, the court will

grant the defendant's second motion to dismiss.

**IT IS THEREFORE ORDERED** that the defendant's second motion to dismiss

(ECF No. 24) is **granted**. Schingeck's amended complaint and this action are dismissed

without prejudice. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Schingeck's motion to file a second amended

complaint (ECF No. 18) is **denied** as moot.

Dated at Milwaukee, Wisconsin this 8th day of February, 2023.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge